

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. E. Mitchell
County Attorney
Callahan County
Baird, Texas

Dear Sir:

Opinion No. O-3631
Re: Should penalties and interest
on the delinquent years for
which judgment was taken con-
tinue to accrue to the date of
redemption and be included in
the amount the owner of the
property must pay in order to
redeem said property?

You have asked what amount of money must be paid by the judgment debtor to redeem property sold at a tax sale to the taxing units. Specifically, you have inquired if the redeemer must pay penalties and interest on the delin- quent years for which judgment was taken to the date of redemption.

The facts recited in your letter are that in a cer- tain tax suit filed in your county judgment was taken in March, 1940, for taxes, penalties and interest accruing on taxes through the year 1937; there being no bidder at the sale the sheriff struck off the property to the State of Texas for the benefit of all the taxing units involved in the suit. This action was taken on the 13th day of January, 1941, and the owner of said property now wishes to redeem it.

Article 7340 of Vernon's Revised Civil Statutes of 1925 reads as follows:

"Where lands or lots shall hereafter be sold to the State or to any city or town for taxes under decree of court in any suit or suits brought for the collection of taxes thereon or by a collector of taxes, or otherwise, the owner or any one having an interest in such lands or lots shall have the right at any time within two

years from the date of sale to redeem the same upon payment of the amount of taxes for which sale was made, together with all costs and penalties required by law, and also payment of all taxes, interest, penalties and costs on or against said land or lots at the time of the redemption. Acts 1897, p. 132, sec. 14; Acts 1905, p. 323; Acts 1907, p. 282; Acts 2nd C.S. 1909, p. 400; Acts 1st C. S. 1913, p. 25; Acts 1st C. S. 1915, p. 58; Acts 4th C. S. 1918, p. 155; Acts 3rd C. S. 1920, p. 103."

Article 7345b, Section 12, provides:

"In all suits heretofore or hereafter filed to collect delinquent taxes against property, judgment in said suit shall provide for issuance of writ of possession within twenty (20) days after the period of redemption shall have expired to the purchaser at foreclosure sale or his assigns; but whenever land is sold under judgment in such suit for taxes, the owner of such property, or anyone having an interest therein, or their heirs, assigns, or legal representatives, may, within two (2) years from the date of such sale, have the right to redeem said property on the following basis, to-wit: (1) within the first year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including a One ($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus twenty-five per cent (25%) of the aggregate total; (2) within the last year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including a One ($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus fifty per cent (50%) of the aggregate total."

The authorities in this state have held that the purchaser of property sold at a tax sale does not actually acquire legal title to this property at the sale nor does he

acquire right of possession. In the case of Bente vs. Sullivan, 115 S. W. 350, 353, the court holds that the purchaser has no title to the land until the redemption period has expired. The original owner still having legal title to the land, it is obvious that the taxes continue to be assessed and the statutory interest and penalty accrues during this redemption period.

In our opinion No. O-1965 we held that Section 12 of Article 7345b applies indiscriminately to all purchasers or their assignees at the foreclosure sale. We further held that in redeeming property from the state in cases where the state had purchased the property at a tax foreclosure sale under authority of Sections 8 and 9 of Article 7345b, Section 12 of that Article would apply, and the person seeking to redeem the property would have to pay the penalties of redemption as provided in Section 12. The redemption penalty therein fixed would be applicable here.

The taxes, penalties and interest due on the property through the year 1937 were recovered and became a liquidated sum in the judgment entered.

There are no cases reported on this point, but Article 7336, Section 1(a), Vernon's Revised Civil Statutes, provides the penalty to be assessed upon delinquent taxes. The maximum penalty required in this Article is eight (8%) per cent. In view of the date of this suit and judgment we presume that recovery of the full eight (8%) per cent penalty was awarded.

Article 7336, Section (d) reads in part:

"All delinquent taxes shall bear interest at the rate of six (6%) per cent per annum from the date of their delinquency. * * *"

This interest is included in the judgment. Title to this property having remained in the owner, the taxes continue to accrue on this property after judgment and during the redemption period. The judgment bears interest at the rate of six per cent which is the same as the rate of interest prior to judgment.

Section 10 of Article 7345b reads:

"The purchaser of property sold for taxes in such foreclosure suit shall take title free and clear of all liens and claims for taxes against such property delinquent at the time of judgment in said suit to any taxing unit which was a party to said suit or which had been served with citation in said suit as required by this Act."

We believe the above section is applicable to the taxing units in this case. The purpose of the statute is to avoid a multiplicity of suits. See Pearsall Ind. School Dist. v. Widner 136 S. W. (2d) 647 and Mexia Ind. School Dist. v. City of Mexia 133 S. W. (2d) 118.

In our opinion the owner, to redeem his property, must pay the One Dollar tax deed recording fee, the taxes, penalties and interest included in the judgment, six per cent interest on the judgment, the costs, plus twenty-five per cent of the aggregate total as outlined in Section 12 of Article 7345b; in addition thereto he must pay taxes that have become delinquent since date of judgment, and all interest and penalties not remitted by law. In view of Section 10, of Article 7345b, the collection of taxes which were delinquent at the date of judgment may not now be enforced, whether included in the judgment or not.

Yours very truly

APPROVED SEP 8, 1941          ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT          By
ATTORNEY GENERAL                    Morris Hodges
                                    Assistant

MH:ej

THIS OPINION
CONSIDERED
APPROVED
LIMITED
CONFERENCE